IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL D. SALSER, JR.,**

    Petitioner,                                           **CASE NO. 2:11-CV-73**
                                                          **JUDGE GREGORY L. FROST**
v.                                                **Magistrate Judge E.A. Preston Deavers**

**ROBIN KNAB, WARDEN,**

    Respondent.

## OPINION AND ORDER

On April 25, 2011, the Court entered final judgment dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter now is before the Court on Petitioner's notice of appeal, which this Court construes as a request for a certificate of appealability, and his request to proceed *in forma pauperis* on appeal. (Docs. 11 & 12.) For the reasons that follow, Petitioner's requests are **DENIED**.

On March 23, 2011, the Magistrate Judge directed Petition to file his habeas corpus petition using the form for filing a petition under 28 U.S.C. § 2254, because Petitioner's initial filing failed to provide sufficient information regarding the nature of his convictions or constitutional claims for relief. Petitioner failed to do so, arguing that the Court lacked jurisdiction requesting relief under Rule 60(b) of the Federal Rules of Civil Procedure. On April 24, 2011, this Court overruled Petitioner's objections, entered final judgment and dismissed the case.

Where the Court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*,

529 U.S. 473, 484 (2000). Thus, the Court considers two components in determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 485. The Court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Petitioner has failed to establish either that reasonable jurists would debate whether the Court properly dismissed his claims or that he has set forth a valid claim of the denial of a constitutional right. Petitioner's request for a certificate of appealability is, therefore, **DENIED.**

The Court must also address Petitioner's request to proceed *in forma pauperis* on appeal. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the appeal is not taken in good faith. Federal Rule of Appellate Procedure 24 also provides as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith[.]

Fed. R. App. P. 24(a)(3)(A). In addressing this standard, another court has explained:

> The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id*. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

*Frazier v. Hesson,* 40 F. Supp. 2d 957, 967 (W.D. Tenn. 1999). However,

> "[t]he standard governing the issuance of a certificate of appealability

>> is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Mashing*, 2002 WL 15701, *3 (N.D.Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 6341 (7th Cir. 2000).

*Penny v. Booker,* No. 05-70147, 2006 WL 2008523, at *1 (E.D. Mich. July 17, 2006).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal is not taken in good faith. Therefore, the Court **DENIES** Petitioner's request to proceed *in forma pauperis* on appeal.

    **IT IS SO ORDERED.**

                                                      **/s/   Gregory L. Frost**
                                                 GREGORY L. FROST
                                                 UNITED STATES DISTRICT JUDGE